RADER, Circuit Judge,
concurring.
While I agree with the panel’s judgment, I write separately to question the panel’s *1353 wisdom in jettisoning the Court of Federal Claims’ longstanding application of the “hometown rule” approach to attorneys’ fees awards under the Vaccine Act. Rather than referring to other circuits’ approaches to fee-shifting statutes (all of which differ significantly from the Vaccine Act fee provisions), I would honor the Court of Federal Claims’ established doctrines for fees in vaccine cases.
The panel saw “no convincing reason” to apply the hometown rule to Vaccine Act cases because other statutes apply a forum rule for fee-shifting. For instance, this court chose to rely on inapposite provisions in the Resource Conservation and Recovery Act, the Civil Rights Attorney’s Fees Awards Act, or the Voting Rights Act, and, as in Davis County Solid Waste Management v. United States Environmental Protection Agency, 169 F.3d 755 (D.C.Cir.1999), the Clean Air Act. Op. at 1348. These Acts have fee-shifting provisions that are very different from the Vaccine Act and operate in contexts far removed from the federal claims jurisprudence of the United States Court of Federal Claims. Specifically, under these other statutes, a party must prevail to gain an entitlement to fees. These other cases also feature potential jury trials and other complexities. The Vaccine Act fee provisions feature neither of these important points.
This court hints at those differences when addressing interim fee awards. See Op. at 1351-52. Indeed the opportunity for non-prevailing petitioners to recover fees in Vaccine Act cases may provide an additional justification for awarding interim fees. This difference from other fee-shifting statutes, however, cuts against application of a forum rule and in favor of a hometown rule. As the government noted, a petitioner runs very little risk of losing a fee award in Vaccine Act cases. The routine award of fees to non-prevailing petitioners is in harmony with the less adversarial, streamlined process for Vaccine Act claims. In contrast, the other fee-shifting statutes provide different incentives by requiring success to qualify for an award.
Because a vaccine petitioner’s attorney will almost always receive fees, this court’s rule encourages advocates to attempt to leverage the forum rule to receive DC rates even for work done in Nebraska or Wyoming. The forum will always be Washington, DC in Vaccine Act cases, even where the Special Master assigned to the case holds hearings at some remote location, because the Special Master operates as an extension of the United States Court of Federal Claims. Thus, this court’s analysis requires the Court of Federal Claims to undertake a complex Davis exception analysis rather than simply determining the local applicable rates for a reasonable fee award.